IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JUAN HARO, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | **ORDER** <br><br><br><br> Case No. 2:07-CV-570 |

Presently before the Court is Juan Haro's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. On July 19, 2006, Mr. Haro pled guilty to Count I and Count III of an indictment, charging him with possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § § 841(a)(1) & (b)(1)(A), and possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c). Mr. Haro now claims he is entitled to relief because his lawyer's assistance was constitutionally deficient.

In support of Mr. Haro's claim, he argues that his lawyer, Kevin Sullivan, repeatedly assured him that his sentence would be below the mandatory minimum required by law. According to Mr. Haro, Mr. Sullivan stated on numerous occasions that the sentencing guidelines recommended a sentencing range of 9 to 11 years, and that the sentences for each

charge would run concurrently.  According to Mr. Haro, Mr. Sullivan made these representations even after the pre-sentence report was made available.  Furthermore, Mr. Haro claims that Mr. Sullivan never advised him concerning the mandatory minimum sentences in the case, nor that the mandatory minimum for the gun charge was required by law to run consecutive to the distribution charge.  Finally, Mr. Haro claims that Mr. Sullivan advised him that the mandatory minimum sentences would not apply due to his lack of criminal history, and that he should accept the plea agreement offered by the Government because "50 grams was less than 184 grams."  According to Mr. Haro, however, Mr. Sullivan did not explain the significance of pure (or actual drugs) as opposed to a mixture.  Mr. Sullivan disputes most of these allegations.

Even if the Court were to accept Mr. Haro's allegations as true, Mr. Haro would not be entitled to relief.  To prove an ineffective assistance of counsel claim, a "defendant must show that his counsel's performance 'fell below an objective standard of reasonableness.'"  *United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)).  Furthermore, the Defendant must prove that counsel's "deficient performance resulted in prejudice."  *Id.*  And in this Circuit, the law is well settled that counsel's failure to properly calculate a likely sentence is not constitutionally deficient performance that will support an ineffective assistance of counsel claim.  *Id.*  As this is precisely what Mr. Haro argues, his claim cannot succeed.

Furthermore, even if the Court presumed that Mr. Sullivan's conduct fell below an objective standard of reasonableness, Mr. Haro still could not obtain relief.  Mr. Haro cannot show that he suffered prejudice by Mr. Sullivan's alleged deficient performance.  The Statement

in Advance of Plea of Guilty signed by Mr. Haro explicitly stated he was aware that the sentence for Count I of the Indictment would be "NO LESS THAN TEN (10) YEARS," and that the sentence for Count III of the Indictment would be "NOT LESS THAN FIVE (5) YEARS." Additionally, the Statement unequivocally provided that Mr. Haro "kn[ew] that the final [sentencing] calculation by the Court may differ from any calculation the United States, [his] attorney, or [he] may have made."  Given that Mr. Haro pled guilty even after being informed that his sentence could differ from any calculation done by his attorney, he is unable to now argue that but for his attorney's advice he would have done otherwise and prove prejudice.  *See Gordon*, 4 F.3d at 1571 (holding that where a defendant had been advised that the sentence imposed by the court could be different than a calculation done by counsel, and that the court would consider factual data relating to other counts in computing the sentence, a defendant's mere allegation that he would not have pled guilty but for his counsel's failure to explain relevant conduct was insufficient to establish prejudice).  Accordingly, Mr. Haro's § 2255 motion is DENIED with prejudice.

IT IS SO ORDERED

Dated this 19th day of March, 2009.

Dee Benson
United States District Judge